**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 17, 2019[*]
Decided September 23, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-3143

| | |
|---|---|
| JASMON STALLINGS,<br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 16 C 11063 |
| CHARLES BEST, *et al.*,<br> *Defendants-Appellees*. | Jorge L. Alonso,<br>*Judge*. |

## O R D E R

Prison officials at Stateville Correctional Center caught inmate Jasmon Stallings with contraband in his cell, and, after a hearing, an adjustment committee punished him with disciplinary segregation for six months. Stallings has sued the committee members and others involved in the discipline. He alleges that they deprived him of liberty without due process and that his cell conditions (pests) in segregation violated the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Eighth Amendment. We agree with the district court that Stallings received all the process he was due and failed to state an Eighth Amendment claim, so we affirm.

During an unannounced search, prison officials found contraband in Stallings's cell. Prison officials charged Stallings with possessing 12 bottles of "hooch" (self-made alcohol); a bag of "mash" (a distilling mixture); a "stinger" (a makeshift heating element); and a cassette player with the inmate identification numbers filed off. Officials destroyed the items without chemically testing the liquid in the bottles for alcohol.

Stallings promptly received a copy of the disciplinary ticket listing his charges (he says that an officer threw it into his cell). A tear-off portion of the ticket notified him that "[y]ou must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee." Stallings never did so.

A week later, an adjustment committee held a hearing on Stallings's charges. Stallings admitted to possessing the cassette player but denied possessing the other items, asserting that the bottles belonged to his cellmate and contained only fruit juice. Stallings asked the committee to call his cellmate as a witness, but because Stallings had not asked for the witness in advance, the committee denied his request. After the hearing, the committee found Stallings guilty of possessing all the charged contraband and recommended discipline, including six months' segregation. The next day, Stallings's cellmate gave him a signed letter saying that the bottles contained fruit juice, not hooch.

The cell where Stallings spent his segregation had pests. He occasionally found cockroaches on his breakfast trays and once bit into one, after which he became ill. He suspects a roach once crawled into his ear, and at one point, a rodent either scratched or bit his foot in the night.

After Stallings unsuccessfully filed grievances about his discipline in general and these conditions in particular, he brought this lawsuit. He alleged that the committee did not give him due process before disciplining him, and that his conditions in segregation violated the Eighth Amendment. At screening, the court allowed the due-process claim to proceed but dismissed the Eighth Amendment claim without prejudice because Stallings failed to allege that the defendants knew about his cell conditions. Stallings asserts that at a later status hearing (the transcript of which he has not ordered), the district court refused to allow him to amend his complaint. The

docket, however, reflects that in October 2017 the district court granted Stallings leave to amend, and that a month later Stallings withdrew that request. After discovery, the district court entered summary judgment for the officers on the due-process claim. It reasoned that Stallings's segregation did not deprive him of any liberty interest, but that even if it had, Stallings received all the process that he was due.

In this court, Stallings focuses primarily on his due-process claim. He maintains that the committee deprived him of liberty without due process by segregating him without letting him call witnesses, without considering his cellmate's post-hearing affidavit, and without confirming that the bottles actually contained alcohol.

We need not decide whether Stallings's segregation imposed such an "atypical and significant hardship" that his liberty was impinged, *Sandin v. Conner*, 515 U.S. 472, 484 (1995), because even if it did, he received all the process that he was due. Before prison officials may deprive a prisoner of liberty for misconduct, due process requires (1) advance written notice of the charge; (2) an opportunity to call witnesses in defense; (3) a written statement by a factfinder explaining the evidence relied on; and (4) "some evidence" of the offense. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012). Stallings admits he received written notice of the charges (the disciplinary ticket thrown into his cell). Stallings had the opportunity to call witnesses by completing the form attached to the ticket and returning it, which he did not do. And Stallings received a written, post-hearing statement of the evidence relied on by the committee: the hooch, the mash, the stinger, and the unauthorized cassette player. Stallings says that the committee did not test the bottles for alcohol or consider his cellmate's letter disputing their content. But in disciplining Stallings, the committee also relied on other evidence: the prohibited mash, stinger, and cassette player (and Stallings admitted to possessing the cassette player). Any of this evidence satisfies *Hill*'s "some evidence" standard. 472 U.S. at 454 (1985).

Stallings's next argument—that the district court unreasonably refused to allow him to amend his complaint—is baseless. The docket shows that the district court *granted* Stallings leave to amend but that Stallings withdrew his request, and Stallings has failed to supply a transcript contradicting these entries. *see* FED. R. APP. P. 10(b)(1).

Finally, insofar as Stallings challenges the dismissal of his Eighth Amendment claim, the challenge fails. As the district court observed, Stallings does not contend that

any defendant knew about pests in his cell. Without that allegation, he has not stated a conditions-of-confinement claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

AFFIRMED